UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ALL VIRTUAL CURRENCY SEIZED FROM ONE MEXC ACCOUNT ENDING IN 8248, ONE MEXC ACCOUNT ENDING IN 7017, ONE BINANCE ACCOUNT ENDING IN 8327, AND ONE BINANCE ACCOUNT ENDING IN 5604.<br><br>　　　　　　　Defendants *in rem*. | Civil No. 1:24-cv-03309-LLA |

## MOTION FOR DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

By and through its undersigned counsel, the United States of America respectfully moves for default judgment in this action under Federal Rule of Civil Procedure ("Rule") 55(b)(2) against all persons or entities claiming an interest in the Defendant Property for failure to file a timely claim, answer, or otherwise defend this action after notice was provided pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## FACTUAL BACKGROUND

1. The Defendant Property constitutes proceeds traceable to wire fraud, bank fraud, and property traceable to money laundering, explained in detail in the Verified Complaint. (ECF No 1).

## PROCEDURAL HISTORY

1. On November 21, 2024, the United States filed a verified complaint for forfeiture, alleging that the Defendant Property should be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C). (ECF No. 1).

2.      Supplemental Rule G(4)(a) requires the United States to publish notice of the forfeiture "to an official internet government forfeiture site for at least 30 consecutive days." Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C). Beginning on January 17, 2025, the United States began posting notice on an internet site, http://www.forfeiture.gov, for thirty consecutive days—i.e., through February 15, 2025. *See* Notice & Decl. of Publication (ECF No. 4). Any verified claim in response to the notice by internet publication had to be filed no later than Monday, March 17, 2025. The deadline to file a claim based on notice by publication has passed without any party filing.

2.      The United States identified all known potential claimants and gave notice of this action to the known potential claimant pursuant to the procedures set forth in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Supplemental Rule G(4)(b) requires the United States "to send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant." Fed. R. Civ. P. Supp. R. G(4)(b). The United States found no person who reasonably appears to be a potential claimant in this case.

3.      No other party filed a claim or answer, and the time to do so has expired.

4.      On April 18, 2025, the clerk of the court entered a default as to all potentially interested parties. (ECF. No. 7).

5.      No party may contest the United States' allegations that the Defendant Property is subject to forfeiture because: (1) there is no claim on record in this action to the Defendant Property; (2) the time for filing a claim has expired; and (3) no person who reasonably appeared to be a potential claimant is an infant or incompetent person.

## LEGAL STANDARD

6.      The Court should assume the truth of the well-pleaded factual allegations set forth in the complaint on a motion for default judgment. *See, e.g.*, *Hartford Fire Ins. Co. v. Vista Cont.*,

*Inc.*, Civ. A No. 16-0285 (JDB), 2016 WL 6892730, at *2 (D.D.C. Nov. 22, 2016) ("Once default is entered by the clerk, the court assumes that all allegations in the well-pleaded complaint are true for the purpose of determining whether to enter default judgment." (citation omitted)); *see also United States v. 171 "Dehlavieh" Anti-Tank Guided Missiles*, Civ. A. No. 20-2299 (JEB), 2021 WL 5310567, at *2 (D.D.C. Nov. 15, 2021). "The determination of whether a default is appropriate is 'committed to the sound discretion of the trial court.'" Anti-Tank Guided Missiles, 2021 WL 5310567, at *2 (quoting *Lu v. Lezell*, Civ. A. No. 11-1815 (JEB), 2013 WL 12183952, at *1 (D.D.C. July 19, 2013)). The court may enter default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a); *Int'l Painters & Allied Trades Indus. Pension Fund v. Zak Architectural Metal & Glass, LLC*, 635 F. Supp. 2d 21, 23 (D.D.C. 2009). This authority applies equally in the context of a civil forfeiture action. *See, e.g., United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004) (applying Rule 55 equally in the civil forfeiture context); *United States v. $6,500.00 in U.S. Currency*, Civ. A. No. 10-0327, 2010 WL 4365886, at *1 (E.D. Tex. Nov. 2, 2010), R. & R. adopted, 2010 WL 4365890, at *1 (E.D. Tex. Nov. 3, 2010). Default judgment is appropriate "when the adversary process has been halted because of an essentially unresponsive party . . . [as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Although there is a general policy favoring decisions on the merits, if potential claimants fail to respond to a complaint, "a decision on the merits is impractical, if not impossible." *United States v. Approximately $45,860 in U.S. Currency*, Civ. A. No. 14-3801, 2015 WL 1387468, at *4 (N.D. Cal. Mar. 24, 2015). "A denial of default judgment would prejudice the government in that it

would be required to expend further time and effort in an action where no claimants [ ] have appeared. Without a default judgment, the government may be without recourse altogether." *United States v. Real Prop. & Improvements Located at 929 Clay St.*, Civ. A. No. 15-0010, 2015 WL 3547256, at *3 (N.D. Cal. June 5, 2015).

7. The court's initial inquiry when considering default is (a) whether notice has been adequately served and (b) if any party filed a timely claim. *See United States v. $4,620 in U.S. Currency*, 779 F. Supp. 2d 65, 67 (D.D.C. 2011) (Friedman, J.) (default was appropriate where the government "provided sufficient notice of the seizure of the defendant property," and no party filed a timely claim); *see also United States v. Remington, Model 58, 12 Gauge Shotgun*, Civ. A. No. 11-0330, 2012 WL 1466684, at *1 (E.D. Tex. Feb. 7, 2012), *R. & R. adopted*, 2012 WL 1466682 (E.D. Tex. Apr. 26, 2012) (default judgment entered upon showing government's compliance with Supplemental Rule G(4)); *United States v. 1999 Lexus GS400*, Civ. A. No. 05-1139, 2007 WL 1056791, *2-3 (N.D. Cal. Apr. 6, 2007) ("Default may be entered upon a showing that: (a) notice has been given as required by Admiralty Local Rule 6–1; (b) the time to answer has expired; and (c) no one has appeared to claim the property."). Assuming proper notice, the court's second inquiry before entering default judgment is whether the complaint establishes a reasonable belief of forfeitability. *See United States v. $1,071,251.44 of Funds Associated with Mingzheng Int'l Trading Ltd.,* Civ. A. No. 17-1166 (GMH), 2018 WL 3949962, at *4 (D.D.C. June 29, 2018) (citing *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 571 F. Supp. 2d 1, 16 (D.D.C. 2008)), *R. & R. adopted*, Civ. A. No. 17-1166 (KBJ), 2018 WL 3941949 (D.D.C. Aug. 15, 2018). "Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." *Boland v. Smith & Rogers Constr. Ltd.*, 201 F. Supp. 3d 144, 147 (D.D.C. 2016); *see also Int'l Painters & Allied Trades Indus. Pension Fund v. Dettrey's Allstate Painting, LLC*, 763

F. Supp. 2d 32, 34 (D.D.C. 2011) (same; citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)). A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); *see also Int'l Painters & Allied Trades Indus. Pension Fund v. R. W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint" upon entry of default by the clerk (citation omitted)).

8. The United States hereby seeks a Default Judgment against all parties. Upon entry of default by the Clerk of the Court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters*, 239 F. Supp. 2d at 30 (citation omitted). Thus, the entry of a default judgment against the Defendant Property is supported under the circumstances of this case. *See United States v. 8 Gilcrease Lane*, 638 F.3d 297, 299 (D.C. Cir. 2011) (upholding district court's order for default judgment and final order of forfeiture based on the ground that no claimants contesting forfeiture remained in the case). Indeed, the Clerk of the Court "must enter" default when there has been a failure to plead timely or otherwise defend an action within the time fixed by law. Fed. R. Civ. P. 55(a). Moreover, the Civil Asset Forfeiture Reform Act of 2000, codified at 18 U.S.C. § 983(a)(4)(A), mandates the filing of a claim within thirty days of the service of the United States' Verified Complaint. *Id.*

The United States Satisfied the Applicable Notice Requirements

9. The Supplemental Rules govern civil forfeiture actions in rem arising from a federal statute. *See* Fed. R. Civ. P. Supp. R. A(1)(B). The Rules also apply except to the extent they are inconsistent with the Supplemental Rules. See Fed. R. Civ. P. Supp. R. A(2). Supplemental Rule G(4) governs the process by which the United States must serve notice of the complaint. Notice is

required to the public via publication, as well as to potential claimants via direct notice. *See* Fed. R. Civ. P. Supp. R. G(4).

10. On January 17, 2025, the United States began posting notice on an internet site, http://www.forfeiture.gov, for thirty consecutive days ending on February 15, 2025. Any verified claim in response to the notice by internet publication had to be filed no later than March 17, 2025. *See* Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(B). No claims based on publication were filed.

11. Supplemental Rule G also requires that the United States send direct notice "to any person who reasonably appears to be a potential claimant on the facts known to the government." Fed. R. Civ. P. Supp. R. G(4)(b)(i). The notice must be sent by means "reasonably calculated to reach the potential claimant." Fed. R. Civ. P. Supp. R. G(4)(b)(i)(A). The United States has not found any potentially reasonable claimant.

<u>The Verified Complaint for Forfeiture In Rem States a Claim for Relief</u>

12. The well-pleaded facts in the Verified Complaint support a reasonable belief that the Defendant Property is forfeitable. *See United States v. Oil Tanker Bearing Int'l Org. No. 9116512 ("Grace I")*, 480 F. Supp. 3d 39, 41 (D.D.C. 2020) (Boasberg, J.) (granting government's motion for default judgment for forfeiture of tanker, petroleum onboard that tanker, and funds as assets of or sources of influence over the IRGC). The Verified Complaint describes in detail how the Defendant Property consists of the currency in two MEXC accounts with the account endings of 8248 and 7017, as well as two Binance accounts with the endings of 8327 and 5604. The currency within the four accounts contains proceeds that were obtained from wire fraud, conspiracy to commit wire fraud, and is property involved in or traceable to money laundering. *See* generally ECF No. 1; *see also Grace I*, 480 F. Supp. 3d at 42; Order, *United States v. All Petrol.-Prod. Cargo Aboard the Suez Rajan*, Civ. A. No. 23-0882 (CJN) (D.D.C. Apr. 30, 2024),

ECF No. 15 (granting default judgment of Iranian-sourced petroleum product); *United States v. All Petrol.-Prod. Cargo Aboard the Bella*, Civ. A. No. 20-1791 (JEB), 2021 WL 4502056, at *1 (D.D.C. Oct. 1, 2021) (same).

## CONCLUSION

Accordingly, upon consideration of the record in this case, including a showing of compliance with applicable rules regarding service of process and notice by publication, and default having been entered by the Clerk of the Court, the United States respectfully requests that this Court order default judgment against all potential claimants and that the Defendant Property be forfeited.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Rick Blaylock, Jr.*
Rick Blaylock, Jr.
TX Bar No. 24103294
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20001
(202) 252-6765
rick.blaylock.jr@usdoj.gov